IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:01CV154
(1:00CR09-14)

| | |
|---|---|
| CARL THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from Judgment. The motion is denied.

## I. PROCEDURAL HISTORY

On April 19, 2000, the Petitioner entered into a plea agreement with the Government and pled guilty to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. On December 11, 2000, he was sentenced to a term of 151 months imprisonment. No appeal was taken from his conviction or sentence. The Petitioner's first motion pursuant to 28 U.S.C. § 2255 was denied by the Court on January 9, 2002. Again, no attempt was made to appeal that decision.

## II. DISCUSSION

Petitioner moves for relief pursuant to Rule 60(b) which provides in pertinent part: "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for . . . any . . . reason justifying relief from the operation of the judgment." At issue, however, is whether this motion is actually one brought pursuant to Rule 60(b) or a second § 2255 motion.

> As amended by the AEDPA [Antiterrorism and Effective Death Penalty Act], § 2255 bars successive applications unless they contain claims relying on
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
> . . .
> In addition to enacting the substantive standards we have just described, the AEDPA modified the procedures governing successive collateral review applications. As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.
> . . .
> In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.

***United States v. Winestock*, 340 F.3d 200, 204-05 (4th Cir. 2003).** "The ultimate question here is whether [Petitioner's] motion for [relief] should [be] treated as a successive collateral review application." ***Id.*, at 203.**

As previously noted, the Petitioner has already filed one motion pursuant to § 2255. Although styled as a Rule 60(b) motion, if this is, in reality, a motion pursuant to § 2255, the undersigned has no jurisdiction to entertain it unless it has been certified "by a panel of the appropriate court of appeals[.]" **28 U.S.C. § 2255.** Thus, if this motion is actually a successive petition, it must be presented in the first instance to the Fourth Circuit. ***Winestock*, supra, at 205**

**("As a result of these modifications, a prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals.").**

In support of this motion, the Petitioner argues (1) the undersigned "misinterpreted the meaning of statutory maximum as defined in *Apprendi*"[1] in ruling on the first motion pursuant to § 2255 and (2) under the Supreme Court ruling of *Blakely*, the sentencing guidelines are no longer mandatory.[2] The motion contains boilerplate language to the effect that the Petitioner is not attacking his underlying conviction but merely wants reconsideration of his initial § 2255 motion.

In ruling on the Petitioner's first motion pursuant to § 2255, the undersigned addressed claims of ineffective assistance of counsel and violations of *Apprendi*. In fact, it was specifically noted that the Petitioner was sentenced to a term well below the statutory maximum of 240 months as prescribed by 21 U.S.C. § 841(b)(1)(C).

> [D]istrict courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.
> . . .
> [This] holding raises the question of how to distinguish a proper Rule 60(b) motion from a "successive [application] in 60(b)'s clothing." There may be no infallible test for making this distinction, but a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules

---

[1]*Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[2]Although the Petitioner cites the *Blakely* decision, *Blakely v. Washington*, __ U.S. __, 124 S. Ct. 2531 (2004), the correct case is in fact *United States v. Booker*, __ U.S. __, 125 S. Ct. 738 (2005).

governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

**Id., at 206-07 (quoting *Lazo v. United States*, 314 F.3d 571, 753 (11th Cir. 2002) (other internal citations and quotations omitted).** Here, the Petitioner raises new allegations of constitutional error and new legal arguments based on the recent Supreme Court decisions of *Blakely* and *Booker*. These are successive claims because they are based on new law which is not retroactively applicable to collateral attacks. **Id.; *Gitten v. United States*, 311 F.3d 529 (2d Cir. 2002); *Santiago v. United States*, 64 Fed. Appx. 281, 286 (2d Cir.), *cert. denied*, 540 U.S. 992 (2003) ("Santiago's *Apprendi/Castillo* claim was first raised in the District Court as part of his Rule 60(b) motion for reconsideration. . . . [A] Rule 60(b) motion that raises entirely new grounds for a collateral attack is indeed a successive habeas petition that requires leave to file from the Court of Appeals."); *United States v. Ray*, 4 Fed. Appx. 197 (4th Cir. 2001).** Thus, they are subject to the requirements for successive applications, that is, they must first be presented to the Fourth Circuit. As a result, the undersigned has no jurisdiction to entertain any of the claims presented.[3]

---

[3] Assuming *arguendo* that the Petitioner asked the Court to reconsider its prior ruling concerning the application of *Apprendi,* that portion of the motion, construed as such, would be a true motion to reconsider. However, the Court would not grant relief because the law has not changed since the initial motion pursuant to § 2255; and this motion, filed over three years after the dismissal, cannot be deemed timely. The Court is aware that pursuant to *Winestock*, the Fourth Circuit has suggested that in such situations, the Court should offer the Petitioner the opportunity to elect between the two procedural mechanisms. However, that procedure is wasteful of judicial resources in situations such as the present one in which it is clear that no relief is available. As a result, the Court simply reaches the issue raised for reconsideration and disposes of it rather than engaging in protracted litigation. While the Court does not have jurisdiction to consider a successive § 2255 motion, it does retain jurisdiction over a motion to reconsider a judgment previously entered in this Court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to Federal Rule of Civil Procedure 60(b)(6) is a successive motion pursuant to 28 U.S.C. § 2255 and is hereby **DENIED** for lack of jurisdiction.

**Signed: May 9, 2005**

*[signature]*

Lacy H. Thornburg
United States District Judge